## No. 729

### BAYSINGER v. BLACK et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1178. Decided Nov. 24, 1926.

First Publication of this Opinion.

992. REAL PROPERTY. — 1040. Restrictions.—63. Allotments. — 1. Where vendor does not reserve any part of property for himself, it is almost conclusive that covenants which he takes from purchaser are intended for benefit of each purchaser as against others.

2. Where it is alleged that there was no uniform or general plan established by alloter, burden of proving, by preponderance of evidence, non-existence of such plan, is upon plaintiff.

Error to Common Pleas.
Judgment affirmed.

Frank & Ream, Akron, for Baysinger.

Otis, Berry & Sheppard, Akron, for Black.

FUNK, J.

Edith C. Baysinger, as owner of a lot in Parkdale Allotment, in the city of Akron, commenced an action in the Summit Common Pleas against other lot owners in the allotment, to quiet her title as to certain restrictions in her deed and in the chain of title to her lot.

It was claimed by plaintiff that the defendants claim a right, estate or interest in her property, adverse to hers, arising out of certain restrictive covenants in the deed given by the alloter.

The nature of this estate or interest was set forth as being a plan whereby plaintiff's lot became bound or restricted for the benefit of any other lot owner or lot owners in the allotment. Plaintiff alleged that there was not shown, by the recorded plat of said allotment or otherwise, any general plan whereby each and all of the lots in said allotment were restricted for the benefit of other owners of lots therein; and that defendants did not have any beneficial claim or interest in plaintiff's premises, either by virtue of said restrictive covenant or building restrictions established by plaintiff's grantor, nor by virtue of the restrictive covenants contained in the deeds of defendants.

It was also claimed by plaintiff that such claims by defendants cast a cloud on her title, impair the marketability of the premises and lessen the value and usefulness thereof.

The court below found in favor of the defendants, and error was prosecuted by the plaintiff.

The plaintiff, having alleged that there was no general or uniform plan adopted by the alloter that restricted her lot for the benefit of any other lot owner in said allotment, the burden was upon her to establish that fact; and therefore the sole question to be determined is whether or not plaintiff has shown, by a preponderance of the evidence, that she did not have such notice of the purpose of the restrictions in her chain of title as would make them enforceable as against her by the other lot owners.

It is conceded by counsel on both sides that if the lot owners, against whom restrictions are sought to be enforced, did have notice in any way, at the time of the purchase, of a general plan of improvement in the allotment in accordance with the restrictions contained in their deeds, and that such plan and restrictions were for the benefit of the owners of the other lots, then the same can be enforced against such lot owners.

"It is a most material circumstance whether the vendor reserves any part of the property for himself. If he does not reserve any part that is almost, if not quite, conclusive evidence that the covenants which he takes from the purchaser are intended for the benefit of each purchaser as against the others." This rule is recognized in Kiley v. Hall, 96 OS. 374.

It clearly appears from the record that there was a general plan of restrictions in this allotment, which was made public by the alloter placing large display advertisements in newspapers advertising this allotment as being a highly restricted residential allotment and

that all properties were sold upon conditions and restrictions that would make it impossible for anyone to do anything thereon that would depreciate the value of this allotment in the future.

There is some evidence tending to show that the allotment was substantially built up in accordance with the restrictions at the time plaintiff purchased her lots and that has some bearing on the general situation at that time.

Plaintiff has not sustained the burden of proving the allegations of her petition by a preponderance of the evidence, and the judgment of the lower court is therefore affirmed. (Pardee, PJ., and Washburn, J., concur.)